UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
CECIL RICE,

    Debtor,
_____/

CECIL RICE,

        Appellant,                            Case Number 11-cv-14246
                                                       Bnkr. Case No. 11-46953
v.                                                           Hon. George Caram Steeh

DAVID W. ALLARD,

        Appellee.
_____/

## ORDER AFFIRMING BANKRUPTCY COURT'S DECISION

Debtor-Appellant Cecil Rice appeals from a decision of the U.S. Bankruptcy Court, Eastern District of Michigan, Southern Division, sustaining the trustee's objection to the debtor's amended claim of exemptions. On March 15, 2011, Rice filed for chapter 7 protection. On May 5, 2011, Rice filed an amended Schedule C, claiming an exemption for a cashier's check for retirement funds in the amount of $95,000 and for garnished retirement funds in the amount of $18,807.08 pursuant to § 522(d)(12) of the Bankruptcy Code. The trustee filed an objection to the debtor's amended claim of exemptions. On August 2, 2011, the Bankruptcy Court issued an opinion and an order sustaining the trustee's objection based on its findings that: (1) the debtor either intentionally or recklessly concealed the property at issue; and (2) even if the debtor had not acted in bad faith in failing to disclose the property, the Bankruptcy Court would have denied the exemption for

failing to meet the exemption requirements. The appeal is fully briefed. The court finds that oral argument is not necessary. See Local Rule 7.1(f). For the reasons stated below, the court AFFIRMS the Bankruptcy Court's opinion sustaining the trustee's objection.

BACKGROUND

On October 2, 2009, Flagstar Bank obtained a judgment against Rice and others in the amount of $1,120,194.26. Flagstar began collection proceedings, including garnishing Rice's accounts at Comerica Bank on July 21, 2010. Rice filed an objection to the garnishment and as a result Flagstar released the garnished funds.

On November 15, 2010, Rice received $107,552.35 in retroactive retirement benefits from the State of Michigan by direct deposit into his checking account at Comerica Bank. The following day, Rice withdrew $100,000 from the account and purchased a cashier's check made payable to himself. The cashier's check was originally held by Rice in a safe deposit box at Comerica Bank.

On January 6, 2011, Flagstar garnished Rice's accounts at Michigan First Credit Union. Rice filed an objection to the garnishment and the objection was pending when Rice filed his chapter 7 petition on March 15, 2011.

On February 15, 2011, Flagstar Bank conducted a creditor's examination of Rice. Rice testified that his income was comprised of his pension, retirement, and disability benefits, and that these were deposited into his Comerica Bank account. At one point in time, Rice transferred some of that money from Comerica to Michigan First Credit Union. At the exam, Rice disclosed that he had a $100,000 cashier's check in a safe deposit box at Comerica Bank but that he had removed the cashier's check from the safe deposit box earlier that day for fear that it might be garnished by Flagstar. Upon removal of the

cashier's check from the safe deposit box, Rice negotiated the $100,000 cashier's check, depositing approximately $5,000 into his Comerica account in order to pay bills and with the remaining balance purchased the $95,000 cashier's check payable to himself. The $95,000 cashier's check was kept someplace in Rice's home at all times from February 15, 2011, until shortly before the first meeting of creditors held in Rice's bankruptcy case on April 20, 2011.

The Trustee discovered the existence of the cashier's check and the garnished funds upon questioning the debtor at the first meeting of creditors on April 20, 2011, and at an adjourned meeting of creditors held on May 4, 2011.

On May 5, 2011, the debtor filed amended Schedules pursuant to which he disclosed and sought to exempt both the $95,000 cashier's check and the $18,807.08 in garnished funds pursuant to 11 U.S.C. § 522(d)(12). The Trustee objected to the claimed exemptions and the Bankruptcy Court held an evidentiary hearing on July 12, 2011.

The Bankruptcy Court heard testimony from Rice acknowledging numerous omissions and errors in the debtor's Schedules and State of Financial Affairs as originally filed, including but not limited to the failure by the debtor to schedule as an asset a cashier's check payable to himself in the amount of $95,000 that was in his possession on the petition date as well as his interest in funds in the amount of $18,807.08 in his credit union account and subject to a garnishment proceeding on the petition date.

At the hearing, Mark Altus, the attorney representing Rice during the time Flagstar Bank was garnishing funds on the Comerica and Michigan Credit Union accounts, testified. Altus testified that he and Flagstar's attorney believed the funds to be exempt, and

Flagstar's garnishment of the Comerica account was released based on that belief. He testified that Rice had informed him of the funds withdrawn from the Comerica account.

After considering the evidence, the Bankruptcy Court determined that the debtor's failure to list the cashier's check and the garnished funds in his Schedules was intentional, or in reckless disregard of his duty of full disclosure and, as a result, the Bankruptcy Court sustained the Trustee's objection to the debtor's amended claims of exemption. The Bankruptcy Court further ruled that even if the debtor had not acted in bad faith in failing to disclose assets, the debtor's claims of exemption pursuant to § 522(d)(12) would be denied as the funds were not in an account exempt from taxation under one of the sections of the Internal Revenue Code enumerated in § 522(d)(12) on the petition date, as required by § 522(d)(12), and that § 522(b)(4)(C) was inapplicable to the case.

STANDARD OF REVIEW

When a bankruptcy court's decision is appealed to the district court, the district court applies the standards of review normally applied by a federal appellate court. In re H.J. Scheirich Co., 982 F.2d 945, 949 (6th Cir. 1993). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (citation omitted). The district court reviews the bankruptcy court's legal conclusions *de novo*. Investors Credit Corp. v. Batie, 995 F.2d 85, 88 (6th Cir. 1993).

ANALYSIS

Federal Rule of Bankruptcy Procedure 1009 provides that a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." A debtor is allowed to freely amend his schedules, including his schedule of exemptions, at any time before the case is closed, provided there is no bad faith or concealment of property. Lucius v. McLemore, 741 F.2d 125, 127 (6th Cir. 1984). "In the context of an amendment of exemptions, bad faith is determined by an examination of the totality of the circumstances. Mere allegations of bad faith will not suffice; the objecting party must demonstrate the bad faith of the debtor by specific evidence." In re Colvin, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003) (citations omitted). In addition, the Bankruptcy Court has the responsibility, "as the finder of fact, 'to determine credibility and whether there was intent to conceal.'" In re O'Brien, 443 B.R. 117, 141 (Bankr. W.D. Mich. 2011), quoting In re Millsaps, 774 F.2d 1163 (6th Cir. 1985) (unpublished).

Rice argues that the Bankruptcy Court's finding of intentional or reckless omission of assets is clearly erroneous as it was based only on his own testimony that he "scanned" the information in the schedules. He suggests the fact that he admitted that the check existed during his creditor's examination and at the §341 hearing suggests the concealment was unintentional. Rice then argues "the only realistic factual conclusion to be made" is that the omissions were inadvertent.

A debtor's schedules and statement of financial affairs are signed under penalty of perjury as provided for in Federal Rule of Bankruptcy Procedure 1008. A debtor has "'a paramount duty to carefully consider all questions included in the Schedules and Statement [of Financial Affairs] and see that each is answered accurately and completely.'" In re

Colvin, 288 B.R. 477, 481-82 (Bankr. E.D. Mich. 2003), quoting Casey v. Kasal, 217 B.R. 727, 734 (Bankr. E.D. Pa. 1998).

In this case, the Bankruptcy Court heard testimony from Rice and assessed his credibility. The Bankruptcy Court noted that, in signing his schedules, Rice declared under penalty of perjury that he had read the schedules and that they were true and correct to the best of his knowledge. Contrary to this representation, Rice later testified that he did not read all the schedules, but just scanned them. There were several errors in his schedules. The Bankruptcy Court concluded that the omissions were at least reckless and therefore sustained the Trustee's objection. The Bankruptcy Court also concluded, based on Rice's testimony, that his contention that the omissions were unintentional was not credible. The Bankruptcy Court viewed the totality of the circumstances in making these factual determinations. This court does not find the Bankruptcy Court's factual findings, that Rice was either reckless or intentional in omitting the check, to be clearly erroneous.

Rice also argues that no party in interest can demonstrate that its interests have been prejudiced by Rice's omission. Rice notes that prejudice to a party in interest may serve to support a denial of the debtor's right to amend his schedules. He argues the bankruptcy court made no finding of prejudice in this case. However, as Appellee notes, the Bankruptcy Court did not need to make a finding of prejudice. See In re Daniels, 270 B.R. 417, 425 (Bankr. E.D. Mich. 2001) ("Bad faith on the part of the debtor or prejudice to creditors are...grounds justifying a bankruptcy court's disallowance of a debtor's amended claim of exemption upon a timely filed objection to it.") (emphasis added). Because the Bankruptcy Court found bad faith on the part of the debtor, the Bankruptcy Court did not

need to examine prejudice to the parties. It appears Rice abandoned this argument after the Appellee pointed out the deficiency in it. Regardless, Rice's argument fails.

Rice also challenges the Bankruptcy Court's alternate determination that, even if the debtor had not acted in bad faith, the claimed exemption should be denied as the funds were not in an account exempt from taxation under one of the sections of the Internal Revenue Code enumerated in § 522(d)(12) on the petition date, as required by § 522(d)(12), and that § 522(b)(4)(C) was inapplicable to the case. Rice argues the § 522(d)(12) exemption should interpreted in light of § 522(b)(4)(C). On that basis, Rice claims the retirement funds did not lose their exempt character as a result of being transferred to cash.

11 U.S.C. § 522(d)(12) permits a debtor to exempt "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." This exemption contains two requirements: (1) that the amount must be retirement funds; and (2) that the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein. Doeling v. Nessa, 426 B.R. 312, 314 (8th Cir. B.A.P. 2010). Because the $95,000 cashier's check and the $18,807.08 in garnished funds were not in accounts exempt from taxation under the relevant Internal Revenue Code sections at the time Rice filed his bankruptcy case, the Bankruptcy Court correctly found that the funds at issue were not in an exempt retirement account.

Rice argues the retirement funds do not lose their exempt status as a result of being transferred to cash, citing § 522(b)(4)(C). 11 U.S.C. § 522(b)(4)(C) provides:

> A direct transfer of retirement funds from 1 fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986, under section 401(a)(31) of the Internal Revenue Code of 1986, or otherwise, shall not cease to qualify for exemption under paragraph (3)(C) or subsection (d)(12) by reason of such direct transfer.

As noted by the Bankruptcy Court, this section has been applied in situations involving a direct transfer from one qualified account to another qualified account. See Doeling, 426 B.R. at 313-14. Such trustee-to-trustee transfers have been found to not negate the debtor's ability to claim an exemption. Rice fails to cite any case applying § 522(b)(4)(C) to a transfer from retirement funds to cash. The case cited by Rice in support of his argument that funds do not lose their exempt status, In re Hanson, 41 B.R. 775 (D.N.D. 1984), involves tracing proceeds of the sale of real estate under North Dakota law and was decided more than twenty years before § 522(b)(4)(C) was adopted. This court agrees with the Bankruptcy Court's findings that § 522(b)(4)(C) does not apply here and that the funds at issue are not exempt under § 522(d)(12).

Finally, Rice argues that the funds are protected under state law and that he would attempt to further amend his schedules to avail himself of the Michigan exemptions. However, as noted by Appellee, the Bankruptcy Court did not consider the issue and therefore the issue is not before this court on appeal. See Hood v. Tenn. Student Assistance Corp. (In re Hood), 319 F.3d 755, 760 (6th Cir. 2003) (recognizing that an appellate court shall not consider arguments raised for the first time on appeal unless failure to do so will result in a miscarriage of justice). The court finds no appropriate reason to consider Rice's Michigan exemption argument.

CONCLUSION

For the reasons set forth above, the court AFFIRMS the Bankruptcy Court's opinion sustaining the trustee's objection.

SO ORDERED.

Dated: September 6, 2012

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 6, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk